IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **MEMORANDUM DECISION AND ORDER OF RELEASE** |
| Plaintiff, | |
| TEANDRE JOHNSON, | Case No. 2:20-MJ-00307-PMW-1 |
| | Magistrate Judge Cecilia M. Romero |
| Defendant. | |

   Defendant, Teandre Johnson (Defendant or Mr. Johnson), was arrested and charged by Complaint (ECF 1) for violation of 18 U.S.C. § 922(g)(1).  Mr. Johnson appeared before the court on May 5, 2020 (ECF 5) for his initial appearance.  At the hearing, the United States argued for Mr. Johnson's detention under 18 U.S.C. § 3142(f)(1)(e).  The court heard argument from both parties, took this matter under advisement to allow pretrial to verify the information that was presented at the hearing, and ordered Mr. Johnson temporarily detained (ECF 7).  For the reasons discussed below the court finds there are conditions of release that can be put in place to assure Mr. Johnson's appearance and manage any danger to the community and orders Mr. Johnson released pending trial.  He is to abide by the Order Setting Conditions of Release that the court enters in conjunction with this Order.

**DISCUSSION**

Under the Bail Reform Act of 1984, if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial."  *See* 18 U.S.C. § 3142(e).  In making this determination, the court is guided by the factors set forth in 18 U.S.C. § 3142(g), including (1) "the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person" (including, among other things, "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings" as well as a consideration of whether the defendant was on probation, parole, or other form of supervision at the time of the alleged instant offense), and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  The government must prove any risk of flight by a preponderance of the evidence and danger to the community by clear and convincing evidence.  *United States v. Cisneros*, 328 F.3d 610, 617 (10th Cir. 2003).

**a.  Nature and Circumstances of the Charged Offense and Weight of the Evidence**

The Bail Reform Act requires the court to consider "the nature and circumstances of the offense, including whether the offense is a crime of violence, a violation of 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device."  18 U.S.C. § 3142(g)(1).  Here, Defendant is charged with violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm.  This charge does not carry a presumption of detention but nonetheless is a concerning charge that weighs in favor of detention.

2

The weight of the evidence is also strong.  Mr. Johnson was pulled over for a traffic violation.  After a search of the vehicle the gun was located.  A passenger initially allegedly hesitantly claimed it was his but later admitted that Mr. Johnson told him to say the gun was his, which was not accurate information.

**b.  History, Characteristics, and Financial Resources**

At the hearing, the United States argued for detention based on Defendant's multiple failures to comply and appear.  The United States argued Defendant has and would willfully violate or manipulate to get around any conditions of release.  In response, Defendant's counsel focused on Mr. Johnson's young age, limited criminal history and proffered that Defendant currently has a stable residence.  Pretrial was able to confirm a stable residence with Mr. Johnson's mother.  Furthermore, Defendant argues that Mr. Johnson's limited criminal history does not suggest a propensity for physically violent crimes.  The court agrees.  The court finds Defendant's criminal history is minimal, and while there are concerns regarding Defendant's previous failures to appear, assurances have been made that Defendant understands the need to heed the directions and orders of this court.  Moreover, Mr. Johnson is young, 23 years old.  His first criminal encounter was in 2016 at age 19 and involved a family dispute. While not insignificant, the court acknowledges that Mr. Johnson was 19 years old and apparently had a fight with his brother over being disrespectful to their mother.  The mother has assured pretrial services that since the dispute four years ago, there has been no issues between the brothers.

In May of 2016, Mr. Johnson had a possession of marijuana/spice charge, and in October of 2018 a charge for driving under the influence of marijuana/spice.  These charges are also concerning to the court and suggest a drug issue.  However, with conditions the court finds Mr. Johnson's risk to the community, which would include himself, can be managed.

Mr. Johnson has also indicated he can find employment, which the court will also order. Mr. Johnson must inform pretrial of his hours of work and school and not miss any workdays or arrive late. Pretrial has been informed if such behavior occurs the court is to be notified for Mr. Johnson's release to be re-evaluated.

**c.  Nature and Seriousness of Danger Posed by Release**

The United States also argued that Defendant's release would pose a significant danger to the community due to Mr. Johnson's latest charge of driving under the influence. While the court agrees, the court finds that it can fashion conditions to reasonably manage this risk. Counsel for Mr. Johnson stressed to the court that he has spoken with Mr. Johnson regarding the seriousness of federal charges and that any violation of any conditions could result in the revocation of his release.

## CONCLUSION

Looking at the totality of the circumstances, the court finds that it can impose conditions to reasonably manage any danger to the community and flight risk or risk of nonappearance. To address these concerns, the court will impose strict conditions of release, as set forth in the Order Setting Conditions of Release. Counsel for Mr. Johnson is ordered to review this Order and each of the Conditions of Release with Mr. Johnson.

DATED this 7 May 2020.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

4